UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY L. DOTEY, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-3650** |
| **TANGIPAHOA PARISH** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Parish of Tangipahoa's Motion for Summary Judgment (Doc. #13) is **GRANTED**, and plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

### BACKGROUND

In July 1996, plaintiff, Larry Dotey, Sr., an African American, was hired by the Parish of Tangipahoa (the "Parish") as a part time building inspector. He resigned from that position in 1998 to seek full time employment. In January 2000, the Parish rehired Dotey as a full time compliance officer.

In 2004, Dotey filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that the Parish discriminated against him due to his race by hiring white people for the positions of assistant building inspector and building inspector rather than transferring him to one of those positions.

On August 11, 2004, the Parish adopted a requirement that all building inspectors and assistant building inspectors had to become certified as a One and Two Family Dwelling Inspector

through the International Code Council ("ICC") within two years of being hired to one of those positions.

On May 5, 2005, Dotey was transferred to the position of assistant building inspector. When Dotey became an assistant building inspector, he was required to sign a form acknowledging the requirements of that position, including the ICC certification requirement.

On August 22, 2005, Dotey filed suit in the United Stated District Court for the Eastern District of Louisiana regarding his 2004 EEOC claim. The suit, Civil Action No. 05-4018, was dismissed on February 14, 2008, for failure to prosecute because Dotey failed to answer outstanding discovery requests.

In June 2006 and April 2007, the Parish paid for Dotey to attend review courses to prepare him for the ICC examination. However, Dotey failed to become certified by the required date, May 5, 2007. Thereafter, the Parish paid for Dotey to attend another review course in Colorado from May 29, 2007, to June 1, 2007. The Parish also paid for a review course for Dotey from September 17 to 21, 2007. However Dotey did not obtain the required ICC certification.

On October 17, 2007, the Parish personnel director, Virginia Baker, informed Dotey via letter that his employment would be terminated if he did not obtain the required ICC certification within 30 days. Dotey did not comply and was terminated on November 27, 2007.

On October 15, 2010, Dotey filed this suit against the Parish alleging that the Parish violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., and 42 U.S.C. § 1981(a) by terminating his employment in retaliation for his prior discrimination suit against the Parish. Dotey also alleges that the Parish retaliated against him by not permitting him to attend an examination

course held by the ICC, and by questioning his cellular telephone records and one of his mileage reports. The Parish filed a motion for summary judgment arguing that Dotey cannot establish a *prima facie* case of relation under Title VII.

## ANALYSIS

**A.     Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Title VII and 42 U.S.C. § 1981(a) Claims of Race Discrimination in Employment**

Dotey claims that the Parish retaliated against him for his prior filing of a discrimination suit against the Parish in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000(e), et seq.

Pursuant to 42 U.S.C. § 1981, all persons within the jurisdiction of the United States have the same rights, regardless of race, to enter into and enforce contracts, including the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b). Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Further, § 704(a) of Title VII prohibits an employer from discriminating against any employee because the employee has made a charge under Title VII. 42 U.S.C. § 2000e-3(a). Section 1981 claims and Title VII claims are analyzed under the same methodology. Jenkins v. Methodist Hosp. of Dallas, Inc., 478 F.3d 255, 260 (5th Cir. 2007).

In McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973), the Supreme Court of the United States "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory-treatment cases." The McDonnell Douglas Corp. evidentiary framework applies to Title VII retaliation claims brought under a pretext theory. Septimus v. Univ. of Houston, 399 F.3d 601, 608 (5th Cir. 2005).

Under this evidentiary framework, the plaintiff must first establish a *prima facie* case of discrimination. Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2106 (2000) To establish a *prima facie* case of Title VII retaliation, the plaintiff must show that: (1) he engaged in an activity protected by Title VII; (2) he suffered an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. Aryain v. Wal-Mart Stores Texas

LP, 534 F.3d 473, 484 (5th Cir. 2008). A plaintiff who is unable to show a *prima facie* case cannot survive a summary judgment challenge as to the Title VII claims. Byers v. Dallas Morning News, Inc., 209 F.3d 419, 429 (5th Cir. 2000).

If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to produce a legitimate, nondiscriminatory reason for the conduct. See Reeves, 120 S.Ct. at 2106. This burden is one of production, not persuasion and involves no credibility assessment. Id. If the defendant meets the burden, the presumption raised by the plaintiff's *prima facie* case disappears. Id.

Once the employer produces sufficient evidence to support a nondiscriminatory explanation, the plaintiff is given an "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were pretext for discrimination." Id. (internal quotation and citation omitted). The plaintiff must then demonstrate that the adverse employment action would not have occurred "but for" plaintiff's protected activity. Septimus v. Univ. of Houston, 399 F.3d 601, 608 (5th Cir. 2005).

### 1. Protected Activity

"An employee has engaged in a protected activity when [he] (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII." Thomas v. Somervell Cnty., Tex., 2011 WL 2623571 (5th Cir. 2011) (citing Douglas v. DynMcDermott Petroleum Operations Co., 144 F.3d 364 364, 372 (5th Cir. 1998)).

Dotey satisfies the first element of establishing a *prima facie* case for retaliation under Title VII, because he engaged in the protected action of filing a suit under Title VII challenging the Parish's alleged race discrimination.

### 2.   Adverse Employment Action

For an "adverse employment action" to be actionable under Title VII's retaliation provision, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. and Santa Fe Ry. Co. v. White, 126 S.Ct. 2405, 2415 (2006). "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." Id.

Dotey has satisfied the second prong for establishing a *prima facie* case for retaliation under Title VII, in that he alleged that he was terminated in retaliation for filing the prior discrimination suit.  However, Dotey's claims regarding his not being permitted to attend a training class held by the ICC, and the questioning of his cellular telephone records and one of his mileage reports are not actionable retaliatory acts under Title VII because they were not materially adverse. See Earle v. Aramark Corp., 247 Fed. Appx. 519 (5th Cir. 2007) (disciplinary writeups and exclusion from a particular training session are not materially adverse employment actions).

Dotey alleges that the Parish retaliated against him by questioning long distance telephone calls that he placed on his parish issued cellular telephone that was supposed to be only for work-related telephone calls.  Dotey testified at his deposition that he explained that the telephone calls

were made to contractors based in New Orleans that were doing work within the Parish. Dotey testified that once he offered his explanation, he was not required to pay for the long distance telephone calls.

Dotey also alleges that he was questioned about an allegedly false milage report. He testified at his deposition that he was questioned by the Parish about the report and he explained that someone else submitted the report in his name, and presented the original report, and testified that he was not compensated for the mileage that is refuted. Dotey testified that no action was taken against him regarding the allegedly false milage report.

Not being permitted to attend a training class that the employee may prefer, and being questioned about routine work-related matters such as cellular telephone records and mileage reports are "petty slights or minor annoyances" that would not "dissuade a reasonable working from making or supporting a charge or discrimination." See White, 126 S.Ct. at 2415. Therefore, Dotey's claims regarding the ICC training class, his cellular telephone records, and mileage reports do not constitute materially adverse actions, and those claims are DISMISSED WITH PREJUDICE. His only remaining claim is his retaliatory termination claim.

   **3.**  **Causal Link Between the Protected Activity and the Adverse Action**

To satisfy the third prong of establishing a *prima facie* case for retaliation under Title VII, the plaintiff "need not prove that [his] protected activity was the sole factor motivating the employer's challenged decision" because "[t]he causal link required by the third prong of the *prima facie* case does not rise to the level of a 'but for' standard." Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002) (citing Long v. Eastfield Coll., 88 F.3d 300, 305 n. 4 (5th Cir. 1996)). However, the fact

7

that an adverse action is taken after an employee engages in an activity protected under Title VII will not always be enough to establish a *prima facie* case. Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1188 n. 3 (5th Cir. 1997). Further, Title VII's protection against retaliation does not allow persons complaining of discrimination to disregard work rules or job requirements. Id.

Dotey has not established a causal link between his previous race discrimination suit against the Parish and his termination. The Parish hired Dotey as an assistant building inspector on May 5, 2005, after Dotey filed his first EEOC complaint against the Parish in 2004. On August 22, 2005, Dotey filed a Title VII discrimination suit against the Parish. He continued to work as an assistant building inspector for the Parish until November 27, 2007, more than two years after he filed the discrimination suit. In the time between his filing the prior discrimination suit and his termination, the Parish sent Dotey to multiple review courses for the ICC examination, some of which were after he had missed the May 5, 2007, deadline for obtaining the required ICC certification. Dotey has not demonstrated any causal link between his protected Title VII action and his termination. Therefore, Dotey has failed to establish a *prima facie* case that he was terminated in retaliation for engaging in an activity protected by Title VII, and his claim for retaliatory termination is DISMISSED WITH PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that The Parish of Tangipahoa's Motion for Summary Judgment (Doc. #13) is **GRANTED**, and plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this  14th  day of July, 2011.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**